IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY RODGERS, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. CIV-21-12-STE |
| KILOLO KIJAKAZI,<br>Acting Commissioner of the<br>Social Security Administration, | ) ) ) ) ) |
|     Defendant. | ) ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

**I.      PROCEDURAL BACKGROUND**

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 10-20). On review, the Appeals Council denied

Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner for purposes of this appeal.

## II.  THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. See *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 2, 2018, the application date. (TR. 12). At step two, the ALJ determined Mr. Rodgers suffered from the following severe impairments: essential hypertension; degenerative disc disease of the lumbar spine; degenerative joint disease; obesity; asthma; depression; anxiety; and trauma stressors. (TR. 12). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 12).

At step four, the ALJ concluded that Mr. Rodgers retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except to climbing of ladders, ropes or scaffolds and no stooping; crouching, crawling, kneeling, balancing, and climbing or ramps and stairs can be done occasionally. No exposure to elevated levels of fumes, dusts, gasses, odors, poor ventilation, or other respiratory irritants (elevated level means concentration in excess of that normally found in modern office buildings or light manufacturing facilities). Due to mental impairments, the claimant is capable of doing only unskilled work consisting of simple and routine tasks with routine supervision that require only that he be able to understand, remember, and carry out simple instructions. The claimant can relate to supervisors and coworkers on a superficial and work related basis and can adapt to a work situation. The claimant, as part of his job duties, should

> work at his own workstation or location independently performing his own tasks, without having to directly interact with coworkers to perform those tasks, there should be no contact with the general public.

(TR. 14).

At step four, the ALJ concluded that Plaintiff could not perform his past relevant work. (TR. 18). However, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 55-57). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles (DOT). (TR. 57). At step five, the ALJ adopted the VE's testimony and concluded that Mr. Rodgers was not disabled based on his ability to perform the identified jobs. (TR. 19-20).

### III.   ISSUE PRESENTED

On appeal, Mr. Rodgers alleges error at step five. (ECF Nos. 17:11-24; 22:2-13).

### IV.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V.   ERROR AT STEP FIVE

As stated, the ALJ concluded that Plaintiff could perform unskilled jobs that: (1) consisted of "simple and routine tasks" and (2) required only the ability to "understand, remember, and carry out simple instructions." (TR. 14). With this RFC, the ALJ concluded that Plaintiff was not disabled at step five, based on his ability to perform the following jobs in the national economy: (1) Document Preparer, DOT #249.587-018; (2) Printed Circuit Board Inspector, DOT #726.684-110; and (3) Toy Stuffing Machine Operator, DOT #731.685-014. (TR. 57).

The DOT defines occupations, in part, by the "reasoning level" required to perform the occupation. Reasoning levels describe a job's requirements regarding understanding instructions and dealing with variables. These levels range from one to six, with one being the simplest and six the most complex. Reasoning level two requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and] [d]eal with problems involving a few concrete variables in or from standardized situations." DOT, Appendix C, Components of the Definition Trailer, 1991

WL 688702. Reasoning level three requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and] [d]eal with problems involving several concrete variables in or from standardized situations." *Id.*

As noted by Plaintiff, all three jobs the ALJ relied on at step five require reasoning level two or reasoning level three. *See* DOT #249.587-018 (Document Preparer— reasoning level three); (2) DOT #726.684-110 (Printed Circuit Board Inspector— reasoning level two); and (3) DOT #731.685-014 (Toy Stuffing Machine Operator— reasoning level two). (TR. 19, 57). Mr. Rodgers presents two alternate theories for reversal: (1) that an unresolved conflict exists between the RFC and the reasoning level required in all three jobs; and/or (2) the RFC conflicts with the "Document Preparer" job and the remaining jobs do not qualify as a "significant number" to constitute substantial evidence at step five. (ECF No. 17:13-23; 22:2-9). The Court agrees with Plaintiff's first premise, obviating further discussion of Plaintiff's alternate theory.

### A.     Unresolved Conflict Between RFC and Document Preparer Job

Mr. Rodgers argues that his limitation to jobs "doing only unskilled work consisting of simple and routine tasks" involving only the ability to "understand, remember and carry out simple instructions" conflicts with reasoning level reasoning level three, which is required of the "Document Preparer" job. (ECF Nos. 17:13-16; 22:2-4). As a result, Plaintiff argues that: (1) the ALJ had an affirmative duty to resolve the conflict or obtain

5

an explanation for the same before relying on the VE's testimony at step five and (2) because the ALJ failed to resolve the conflict, reversal is warranted. *Id.*

In response, the Commissioner argues that the VE's testimony regarding a lack of conflict provides substantial evidence to support the ALJ's decision, even if a conflict had existed. In support, the Commissioner relies on SSR 04-p as the controlling authority regarding the ALJ's duty to resolve conflicts between the DOT and VE testimony. (ECF No. 20:6-7). Indeed, SSR 00-4p places on the ALJ an "affirmative responsibility to ask about any possible conflict between [the] VE . . . evidence and information provided in the DOT." SSR 04-p, 2000 WL 1898704, at *4 (Dec. 4, 2000). Here, Ms. Kijakazi argues that the ALJ discharged her duty under SSR-04 by "affirmatively inquir[ing] of the vocational expert that his testimony was consistent with the DOT[.]" (ECF No. 21:6). Because the ALJ failed to identify a conflict, Defendant argues that no further inquiry and/or resolution was required and the ALJ was entitled to rely on the VE's testimony as substantial evidence at step five. (ECF No. 21:6-7).

In *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005), the Tenth Circuit held that a limitation to "simple and routine work tasks" "seem[ed] inconsistent with the demands of level-three reasoning." There, the Court focused on the VE's failure to acknowledge and explain the discrepancy between testimony that the plaintiff could perform jobs which required level three reasoning and the DOT. *See Hackett*, 395 F.3d at 1175 ("[T]here is no indication in the record that the VE expressly acknowledged a conflict with the DOT or that he offered any explanation for the conflict."). The

Commissioner argues that *Hackett* is not controlling because in that case, the Court held that the ALJ had erred by failing to ask the VE whether his testimony conflicted with the DOT. (ECF No. 21:7-8). According to Ms. Kijakazi, "Here, in contrast to *Hackett*, the vocational expert specifically testified—twice—that there was no inconsistency between his testimony and the DOT. In such circumstances, . . . *Hackett* does not mandate remand." (ECF No. 21:8). As a result, the Commissioner argues that the ALJ was entitled to rely on the VE's testimony as substantial evidence at step five. (ECF No. 21:8). The Court disagrees.

Here, like in *Hackett*, neither the VE nor the ALJ acknowledged or explained the discrepancy between the VE testimony and the DOT as it related to Mr. Rodgers' ability to perform "simple and routine tasks." The fact that the VE failed to identify a conflict after assuring the ALJ that he would do so did not relieve the ALJ to investigate regarding a conflict himself. *See Haddock v. Apfel,* 196 F.3d 1084, 1087 (10th Cir. 1999) ("before an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the . . . requirement[s] of identified jobs corresponds with the Dictionary of Occupational Titles, **and** elicit a reasonable explanation for any discrepancy on this point.") (emphasis added); *see also* SSR 00–4p, 2000 WL 1898704, at *2–*4 ("[w]hen there is an apparent unresolved conflict between VE . . . evidence and the DOT, the [ALJ] **must** elicit a reasonable explanation for the conflict before relying on the VE . . ." and "[t]he [ALJ] **must** explain the resolution of the conflict irrespective of how the conflict

was identified") (emphasis added); *Hackett*, 395 F.3d at 1175 (noting that SSR 00–4p "essentially codifies *Haddock*" and "requires a reasonable explanation for conflicts between a VE's testimony and the DOT relating to any 'occupational information' ") (citation omitted); *Wilson v. Saul*, No. CIV-18-1185-F, 2019 WL 6337444, at *6 (W.D. Okla. Oct. 18, 2019) (rejecting the Commissioner's argument that the VE's testimony regarding a lack of conflict was sufficient simply because the ALJ asked the VE to identify any conflicts with the DOT and the VE failed to do so), *adopted*, 2019 WL 6329363 (W.D. Okla. Nov. 26, 2019); *Stevens v. Commissioner of Social Security*, No. CIV-18-1129-SM, 2019 WL 2476750, at *2 (W.D. Okla. June 13, 2019) (finding the existence of a conflict which required an explanation under SSR 04-p even though the ALJ had asked the VE to advise her of any inconsistency between the VE's testimony and the DOT, and the VE did not indicate any conflict existed); *Kelley v. Saul*, 2019 WL 7293408, at *5 (D.N.M. Dec. 30, 2019) ("mere reliance on the VE's affirmation of consistency is not enough").

A conflict existed between the RFC and the reasoning level required to perform the job of Document Preparer, which the ALJ failed to resolve. *See supra*, *Hackett*. As a result, the Court concludes that this job does not provide substantial evidence for the ALJ at step five.

### B. Unresolved Conflict Between RFC and Jobs Involving Printed Circuit Board Inspector and Toy Stuffing Machine Operator

Mr. Rodgers also argues that remand is warranted based on an unresolved conflict which existed between the RFC and the remaining jobs involving Printed Circuit Board

Inspector and Toy Stuffing Machine Operator, which require a reasoning level of two. (ECF No. 17:21-23). The Court agrees.

As stated, reasoning level two requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions[.]" DOT, Appendix C, Components of the Definition Trailer, 1991 WL 688702. Ms. Kijakazi argues that "the Tenth Circuit and this Court have found an RFC for unskilled work consisting of simple and routine tasks is consistent with GED reasoning level 2." (ECF No. 21:8-9). In support, Defendant relies on two cases from this Court—*Zavala v. Kijakazi*, No. CIV-20-1139-STE, 2021 WL 6051107 (W.D. Okla. Dec. 21, 2021) and *Sullins v. Saul*, No. CIV-20-307-STE, 2021 WL 2169117 (W.D. Okla. May 27, 2021)—and argues "The Court should follow its prior reasoning and reject Plaintiff's argument that his RFC was inconsistent with GED reasoning level 2." The Court does not find those cases persuasive.

In *Zavala* and *Sullins*, the RFC limited the plaintiff to jobs which required only the ability to "understand, remember, and carry out simple, routine, and repetitive tasks." *See Zavala*, 2021 WL 6051107 at *1; *Sullins*, 2021 WL 2169117, at *1. The Court notes the persuasive value of *Zavala* and *Sullins* in cases involving a limitation to "simple, routine, and repetitive tasks." But here, the ALJ additionally limited Mr. Rodgers to work which required the ability to "understand, remember, and carry out simple instructions," a limitation which was not present in *Zavala* or *Sullins*. Under circumstances where such additional limitation has been present, this Court has reversed, having found an unresolved conflict between an individual's ability to perform jobs involving only simple

9

instructions and jobs which required reasoning level two. *See Long v. Kijakazi*, No. CIV-20-658-SM, 2021 WL 3826478 (W.D. Okla. Aug. 26, 2021); *Larson v. Saul*, No. CIV-19-067-STE, 2019 WL 6312000 (W.D. Okla. Nov. 25, 2019).

The Commissioner also argues that Plaintiff relies on "what he admits is dicta from *Paulek v. Colvin*, 662 F. App'x 588, 594 (10th Cir. 2016) (unpublished), for the proposition that GED reasoning level 2 is inconsistent with simple instructions." *See* ECF No. 21:9. In *Paulek*, the Tenth Circuit Court of Appeals cited *Hackett, supra*, and noted that the issue as to level two reasoning has not been resolved:

> [W]e have previously held that a limitation to "simple and routine work tasks ... seems inconsistent with the demands of level-three reasoning." [citing *Hackett*]. While we have not spoken to whether a limitation to simple and routine work tasks is analogous to a limitation to carrying out simple instructions, the Eighth Circuit has held that a limitation to simple instructions is inconsistent with both level-two and level-three reasoning. *See Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997). An "ALJ must investigate and elicit a *reasonable explanation* for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) (emphasis added); *see also Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) (noting that SSR 00-4p "requires that an ALJ must inquire about and resolve any conflicts between a [vocational expert's] testimony regarding a job and the description of that job in the [DOT.]").

*Paulek*, 662 F. App'x at 594.

Although the statement regarding simple instructions was dictum in *Paulek*, the fact remains that Tenth Circuit has not definitively determined whether level two reasoning is consistent with RFC limitations of "simple instructions," but it has affirmatively cited the Eighth Circuit in this regard. As a result, and based on the holdings

10

in *Long* and *Larson*, the Court concludes that an unresolved conflict exists between Mr. Rodgers' RFC and the reasoning levels required for the jobs of Printed Circuit Board Inspector and Toy Stuffing Machine Operator. As a result, remand is appropriate for further proceedings in accordance with *Hackett, Haddock*, and *Paulek.*

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on March 15, 2022.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE